# United States Court of Appeals
# for the Fifth Circuit

No. 22-50172
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
November 11, 2022

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Jarod Richard Melancon,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 4:21-CR-507-1

Before King, Higginson, and Willett, *Circuit Judges*.

Per Curiam:*

Jarod Richard Melancon, without a written plea agreement, pleaded guilty to drug trafficking and firearms charges, and the district court imposed a total sentence of 300 months of imprisonment. On appeal, Melancon contends that the district court plainly erred when calculating his guidelines

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

range by applying the two-level aggravating role enhancement in U.S.S.G. § 3B1.1(c). According to Melancon, the presentence report lacks factual predicates supporting that he either exercised control over others, including Nichole Sayre, or managed the criminal organization's assets. He argues that applying the enhancement was clear or obvious error and that its effect on the calculation of his guidelines range satisfies plain error review.

Generally, we review the finding of an aggravating role adjustment for clear error. *United States v. Anguiano*, 27 F.4th 1070, 1074-75 (5th Cir. 2022). The sentencing court may "draw reasonable inferences from the facts, and these inferences are fact-findings reviewed for clear error as well." *Id.* at 1073 (internal quotation marks and citation omitted). "A factual finding that is plausible based on the record as a whole is not clearly erroneous." *Id.* (internal quotation marks and citation omitted). However, because Melancon did not object to the § 3B1.1(c) enhancement in the district court, we review his challenges for plain error. *See Anguiano*, 27 F.4th at 1075.

The district court did not err in applying the § 3B1.1(c) enhancement because the conclusion that Melancon exercised control over Sayre as a participant in the offense is plausible based on the record, which included evidence that Sayre helped Melancon distribute drugs and drug proceeds at his direction. *See Anguiano*, 27 F.4th at 1073; *United States v. Turner*, 319 F.3d 716, 725 (5th Cir. 2003) ("When the evidence demonstrates that a defendant directed another in his drug trafficking activities, . . . sentence enhancement under § 3B1.1(c) is appropriate."). Accordingly, the judgment of the district court is AFFIRMED.